Antonio Vázquez Bruno y José Martínez Llonín, recurrentes, *v.* El Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

No. 748.—*Sometido:* Febrero 20 1929. *Resuelto:* Abril 9, 1929.

*Heriberto Torres Solá,* abogado de los recurrentes; el registrador recurrido compareció por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 10 de abril de 1928 comparecieron ante notario público José Alsina, José Martínez Llonín y José Monzón, y otorgaron la escritura número 16 por virtud de la cual el primero vendió al segundo cierta finca de ochenta cuerdas situada en el barrio de Cupey de la jurisdicción de Río Piedras. En la escritura se hizo constar que sobre dicha finca pesaba una hipoteca de $3,500 a favor del Federal Land Bank of Baltimore, Porto Rico Branch, hallándose además afecta a un embargo por $550.00 a favor de Pedro Orcacitas, a otro embargo por $253.50 a favor de Juan Suárez, a un arrendamiento sobre diez y ocho cuerdas a favor de Agustín Dávila y al aviso de la demanda presentada por Pedro Orcasitas contra José Monzón y José Alsina sobre nulidad de la venta de la propia finca por Monzón a Alsina. El otro compareciente José Monzón otorgó lo que sigue, que fué aceptado por las partes:

"Cuarto.—El señor José Monzón manifiesta que, estando enterado del pleito sobre nulidad de la venta que él hiciera al señor José Al-

sina, según se ha referido en el hecho segundo de esta escritura, y del fallo de la Corte de Distrito de San Juan declarando con lugar dicha demanda de nulidad, desea, por medio de esta escritura, confirmar la venta que hiciera al señor José Alsina, ratificar ésta que hace el señor Alsina al señor Martínez Llonín, y, además, vender al señor Martínez Llonín, desde este momento, dicha finca descrita en esta escritura, renunciando todos sus derechos y acciones sobre la misma a favor del señor Martínez Llonín, actuales y futuros, tal como resulta de cualquier pleito pendiente, todo por el precio de seis mil dólares.''

La escritura se presentó en el registro y se inscribió sin dificultad el 22 de mayo de 1928, en cuanto a la venta de Alsina a Martínez Llonín.

El 11 de abril de 1928, también por escritura pública, Martínez Llonín vendió la finca adquirida a Antonio Vázquez Bruno, inscribiéndose de igual modo esta nueva transferencia en el registro.

Así las cosas, la sentencia declarando nula la venta de Monzón a Alsina quedó firme por haberse desestimado la apelación contra ella establecida. Libróse el oportuno mandamiento y el registrador no sólo canceló la inscripción a favor de Alsina si que también las inscripciones a favor de Martínez Llonín y Vázquez Bruno.

Entonces Martínez Llonín y Vázquez Bruno presentaron de nuevo en el registro las escrituras de 10 y 11 de abril de 1928, pidiendo al registrador ''que, o rectificándose el asiento de cancelación hecho en la inscripción undécima de dicha finca, o haciéndose una nueva inscripción a virtud de los títulos que se acompañan y haciéndose las inscripciones previas que fueren procedentes con arreglo a la ley, se inscriba por ese registro, o se deje subsistente la inscripción undécima a favor del compareciente Antonio Vázquez Bruno, de la finca No. 951, * * * ''

El registrador negó lo solicitado por una serie de motivos que consignó al pie de ambas escrituras. No conformes los interesados acudieron ante este tribunal en súplica de

que se ordenen nuevas inscripciones a su favor, sujetas a los embargos y anotaciones existentes en el registro.

Las notas del registrador son demasiado largas para ser transcritas. Cita muchas resoluciones de la Dirección General de los Registros e insiste repetidamente en que no puede calificarse ni inscribirse más de una vez un mismo documento, con excepción de los bien conocidos casos que expresa.

Estamos enteramente conformes en que las inscripciones a favor de Alsina, de Martínez Llonín y de Vázquez Bruno fueron debidamente canceladas y en que por tanto no pueden revivirse. Si nada adquirió Alsina de Monzón nada pudo trasmitir a Martínez Llonín ni éste a Vázquez. Los propios recurrentes no insisten en este aspecto del problema.

La cuestión a estudiar y a resolver es si proceden las nuevas inscripciones a virtud de los mismos documentos.

Todo depende del alcance que se dé a lo contratado por José Monzón en la escritura de abril 16, 1928.

No hay duda alguna que la pendencia del pleito de nulidad no impedía la venta de la finca. Se vendía y se compraba sujeto a las resultas del pleito. Eso es todo.

La nulidad de la venta de Monzón a Alsina se pidió y obtuvo sobre la base de que fué hecha en fraude de acreedores. El crédito del demandante consta anotado en el registro. El demandante no reconocía como dueño a Alsina sino a Monzón y la corte le dió la razón. Si ello es así, los derechos adquiridos por Martínez Llonín y Vázquez Bruno de Alsina fueron los que cayeron por su base a virtud de la sentencia de nulidad, pero no los que pudieron adquirir de Monzón.

Eliminando de la cláusula 4ª. transcrita lo referente a la confirmación y ratificación de la venta a Alsina, queda la venta directa del propio Monzón a Martínez Llonín. ¿Por qué no darle efecto a esa parte del contrato?

El contrato fué calificado e inscrito solamente en cuanto a la venta de Alsina a Martínez Llonín. Ahora se presenta para que se califique e inscriba en cuanto a la venta de

Monzón a Martínez Llonín. La otra escritura sigue la suerte de la primera.

Como la sentencia de nulidad queda acatada, como los derechos del acreedor o acreedores quedan perfectamente garantidos y como debe tenderse a dar vida a los contratos, creemos que *la nota debe ser revocada y ordenarse al registrador que proceda a calificar los documentos en el sentido indicado y a inscribirlos* en el caso de que no advierta algún defecto fundamental que lo impida.